CT Corporation

**Service of Process
Transmittal**
03/01/2016
CT Log Number 528742983



EXHIBIT
1

**TO:**   Peter Silverman
Shumaker Loop & Kendrick, LLP
1000 Jackson St
Toledo, OH 43604-5573

**RE:**   **Process Served in Illinois**

**FOR:**   fairlife, LLC  (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PAULETTE KREMMEL, individually and on behalf of all others similarly situated in Illinois, Pltf. vs. FAIRLIFE, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment, Complaint, Affidavit |
| **COURT/AGENCY:** | St. Clair County - 20th Judicial Circuit Court, IL
Case # 16L87 |
| **NATURE OF ACTION:** | Class action - violation of fraud, false pretense, false promise, misrepresentation within the meaning of the ICFA |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/01/2016 at 09:30 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Matthew H. Armstrong
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis, MO 63144
314-258-0212 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 782501753826 |
| **SIGNED:**
**ADDRESS:**



**TELEPHONE:** | C T Corporation System
208 South LaSalle Street
Suite 814
Chicago, IL 60604
312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois          )
                           ) S.S.
County of St. Clair        )

Case Number ____ 16-L- 87 _____

Amount Claimed __Over $50,000.00__

PAULETTE KREMMEL,
individually and on behalf
of all others similarly
situated in Illinois,                    VS          FAIRLIFE, LLC,

                    Plaintiff(s)                                          Defendant(s)

Classification Prefix ____L____ Code __02__ Nature of Action _____Tort____ Code __2__

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

Pltf. Atty. Matthew H. Armstrong ____ Code _____
Address 8816 Manchester Rd, No. 109
City St. Louis, MO 63144 ____ Phone 314.258.0212
Add. Pltf. Atty. _____ Code _____

NAME   Fairlife, LLC, CT Corporation
        System, Registered Agent

ADDRESS    208 S. LaSalle St., Suite 814

### SUMMONS COPY

To the above named defendant(s)......:

CITY & STATE  Chicago, IL  60604

☐ A.  You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☒ B.  You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

TO THE OFFICER:
     This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

     This summons may not be served later than 30 days after its date.

WITNESS, ____2-12- 20 16____

K abalah Clay

Clerk of Court

BY DEPUTY: _____

**SEAL**

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                        Date of service

_____  _____          _____  _____

_____          _____

_____          _____

_____          _____

(b) · (Individual defendants · abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent offic        agent of each defendant corporation as follows:

Defendant corporation                Registered agent,                        of
                                     officer or agen                          e

_____              _____
_____                                    ATTACHED
_____              SERVICE INF RA CT CORP

(d) · (Other service):

```
|  SHERIFF'S FEES
|
| Service and return _____ $
| Miles _____ ........... $_____
| Total . . . . . . . . . . . . . . . . $_____
|
| _____
| Sheriff of _____ County
```

CHICAGO, IL 60609
814
208 S LASALLE ST
PARK JEFF LLC
DEFENDANT
CASE NUMBER:
DOC.TYPE: LAW  16L87

03/05/2016
DIE DATE

_____County

_____, Deputy

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY
STATE OF ILLINOIS

PAULETTE KREMMEL, individually )
and on behalf of all others similarly situated )
in Illinois, )
)
      Plaintiff, )    No. 16-L- 87
)
v. )
)
FAIRLIFE, LLC, )
)
      Defendant. )

FILED
ST. CLAIR COUNTY
FEB 1 2 2016
CIRCUIT CLERK

## CLASS ACTION COMPLAINT

    Plaintiff, Paulette Kremmel, individually and on behalf of all others similarly situated in

Illinois, alleges the following facts and claims upon personal knowledge, investigation of

counsel, and information and belief.

### CASE SUMMARY

    1.    This case arises out of Defendant Fairlife, LLC's ("Defendant") deceptive, unfair,

and false merchandising practices regarding its Core Power brand High Protein Milk Shake (the

"Product").

    2.    On the label of the Product, Defendant represents that the Product contains

"NATURAL INGRDIENTS," leading the consumer to believe the Product is only comprised of

ingredients that are natural.

    3.    The Product, however, contains Sucralose and Acesulfame Potassium, which are

both synthetic sweeteners and potential carcinogens.

4.     Because the Product contains Sucralose and Acesulfame Potassium, the representation that the Product contains "NATURAL INGREDIENTS" is false, deceptive, and misleading.

5.     Plaintiff brings this case to recover damages for Defendant's false, deceptive, unfair, and misleading marketing and advertising in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and Illinois common law.

**PARTIES**

6.     Plaintiff, Paulette Kremmel, is a resident of St. Clair County, Illinois.  On at least one occasion during the Class Period (as defined below), including in January 2016, Plaintiff purchased the Product at Fresh Thyme Farmers Market for personal, family, or household purposes after reviewing the "NATURAL INGREDIENTS" label, which deceived her.  If Plaintiff had known the Product contained artificial sweeteners, she would not have purchased it.  The purchase price of the Product was $2.99.  Plaintiff's claim is typical of all class members in this regard.

7.     Defendant Fairlife, LLC is an Illinois LLC with its principal place of business in Chicago, IL 60607.

**JURISDICTION AND VENUE**

8.     This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

9.     This Court has personal jurisdiction over Defendant because Defendant is an Illinois resident.  Defendant has had more than minimum contacts with the State of Illinois and has purposefully availed itself of the privilege of conducting business in this state.  In addition, as explained below, Defendant has committed affirmative tortious acts within the State of Illinois

that give rise to civil liability, including distributing the fraudulent Product for sale throughout the State of Illinois.

10. Venue is proper in this forum pursuant to 735 ILCS 5/2-101 because the transaction out of which the causes of action arose occurred in this county.

### ALLEGATIONS OF FACT

11. Defendant markets, sells, and distributes protein-based fitness products, including the Product.

12. Knowing that consumers like Plaintiff are increasingly interested in purchasing healthy food products that do not contain potentially harmful artificial, synthetic ingredients, Defendant has sought to take advantage of this growing market by labeling certain products as containing "NATURAL INGREDIENTS."

13. By affixing such a label to the packaging of the Product, Defendant is able to entice consumers like Plaintiff to pay a premium for the Product.

14. The label of the Product is deceptive, false, and misleading in that Defendant represents that the Product contains "NATURAL INGREDIENTS" when it in fact contains Sucralose and Acesulfame Potassium:





15.     Sucralose is a synthetic sweetener that is a potential carcinogen.

16.     Acesulfame Potassium is a synthetic sweetener that is a potential carcinogen.

17.     Plaintiff and reasonable consumers, like the FDA, reasonably believe and assume that products labeled as containing "NATURAL INGREDIENTS" do not contain any added color, artificial flavors, or synthetic substances.

18.     Neither Plaintiff nor any reasonable consumer would expect to find synthetic sweeteners in a product labeled as containing "NATURAL INGREDIENTS."

19.     Neither Plaintiff nor any reasonable consumer when reviewing the ingredient list would know nor should know that Sucralose and Acesulfame Potassium are artificial, synthetic ingredients.

20.     As a result of Defendant's deceitful labels, Defendant was able to charge and Plaintiff paid a premium for the Product.  The Product, moreover, was worth less than it was represented to be, and Plaintiff and Class Members paid extra for it due to the "NATURAL INGREDIENTS" label.

21.     Defendant's misrepresentation constitutes unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation within the meaning of the ICFA.

## CLASS ALLEGATIONS

22.     Pursuant to 735 ILCS 5/2-801 et. seq., Plaintiff brings this action on her own behalf and on behalf of a proposed class of all other similarly situated persons ("Class Members" of the "Class") consisting of:

> All persons in Illinois who purchased Core Power brand High Protein Milk Shakes for personal, household, or family purposes in the five years preceding the filing of this Petition (the "Class Period").

23.     Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

24.   Upon information and belief, the Class consists of hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

25.   There are numerous and substantial questions of law or fact common to all of the members of the Class and which predominate over any individual issues.  Included within the common question of law or fact are:

a.   Whether the "NATURAL INGREDIENTS" claim on the Product's labels is false, misleading, and deceptive;

b.   Whether Defendant violated the ICFA by selling the Product with false, misleading, and deceptive representations;

c.   Whether Defendant intended that Plaintiff and the Class Members would rely on the "NATURAL INGREDIENTS" representation;

d.   Whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

e.   Whether Defendant was unjustly enriched; and

f.   The proper measure of damages sustained by Plaintiff and Class Members.

26.   The claims of the Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting Class Members, and Plaintiff has no interests adverse to the interests other Class Members.

27.   Plaintiff will fairly and adequately protect the interests of Class Members and have retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

28.   A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other

group method of adjudication of all claims asserted herein is more efficient and manageable for

at least the following reasons:

    a. The claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

    b. Absent a Class, the Class Members will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

    c. Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    d. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

    e. This action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

29.    Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

30.    Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

### Count One - Violation of the ICFA

31.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

32.     The ICFA declares the following to be unlawful: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact...in the conduct of any trade or commerce[.]" 815 Ill. Comp. Stat. Ann. 505/2

33.     Defendant's conduct in advertising and selling the Product as containing "NATURAL INGREDIENTS" when it in fact contains synthetic Sucralose and Acesulfame constitutes the act, use and employment of deception, fraud, false pretenses, false promises, misrepresentation, and unfair practices in the conduct of Defendant's trade or commerce.

34.     Defendant intended that Plaintiff and the Class Members would rely on its "NATURAL INGREDIENTS" representation. Defendant is aware that consumers like Plaintiff and Class Members are becoming more and more interested in purchasing natural, healthy products that do not contain synthetic, potentially harmful ingredients. Defendant intended to prey on this interest.

35.     The "NATURAL INGREDIENTS" misrepresentation is material because it concerns the type of information upon which a reasonable consumer would be expected to rely in making a decision whether to purchase.

36.    Because Defendant is in the business of selling protein-based fitness products, Defendant committed the unfair and deceptive acts in the conduct of its trade and commerce.

37.    Defendant's practice of advertising and selling the Product as containing "NATURAL INGREDIENTS" when it in fact contains synthetic Sucralose and Acesulfame Potassium offends public policy and is immoral, unethical, and unscrupulous because Illinois consumers are increasingly interested in purchasing and using healthy, truly natural products without synthetic substances. Selling the Product as containing "NATURAL INGREDIENTS" when it contains potentially carcinogenic synthetic sweeteners offends the public's expectation to be told the truth about the products they are buying.

38.    Defendant's conduct causes substantial injury to consumers. Not only are consumers being misled into purchasing a product that is not what it is represented to be, but exposing consumers to unwanted, potentially carcinogenic synthetic ingredients is substantially injurious.

39.    Neither Plaintiff nor any reasonable consumer would expect to find synthetic sweeteners in a product labeled as containing "NATURAL INGREDIENTS."

40.    Neither Plaintiff nor any reasonable consumer when reviewing the ingredient list would know nor should know that Sucralose and Acesulfame Potassium are artificial, synthetic ingredients.

41.    Because the Product does not only contain "NATURAL INGREDIENTS," the Product as sold was worth less than the Product as represented, and Plaintiff paid a premium for it. Had the truth be known, Plaintiff and Class Members would not have purchased the Product.

42.    Plaintiff and Class Members were deceived by the "NATURAL INGREDIENTS" label and suffered economic damages as a proximate result of Defendant's unlawful conduct as

alleged herein, including the difference between the actual value of the Product and the value of the Product if it had been as represented.

### Count Two - Unjust Enrichment

43.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

44.     By purchasing the Product, Plaintiff and the class members conferred a benefit on Defendant in the form of the purchase price of the fraudulent Product.

45.     Defendant appreciated the benefit because, were consumers not to purchase the Product, Defendant would have no sales and make no money.

46.     Defendant's acceptance and retention of the benefit is inequitable and unjust and violates the fundamental principles of justice, equity, and good conscience because the benefit was obtained by Defendant's fraudulent and misleading representations about the Product.

47.     Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and Class Members' expense and in violation of Illinois law, and therefore restitution and/or disgorgement of such economic enrichment is required.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

   a.  Grant certification of this case as a class action;

   b.  Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

   c.  Award compensatory damages to Plaintiff and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

d.  Award pre- and post-judgment interest;

e.  Award reasonable and necessary attorneys' fees and costs; and

f.  For all such other and further relief as may be just and proper.

Dated this 12th  day of February 2016.

Paulette Kremmel, Individually, and on Behalf of a Class of
Similarly Situated Individuals, Plaintiff

By:  _____

Matthew H. Armstrong (ARDC 6226591)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel: 314-258-0212
Email: matt@mattarmstronglaw.com

David C. Nelson (ARDC 6225722)
Nelson & Nelson, Attorneys at Law, P.C.
420 North High Street
Belleville IL 62220
Tel:    618-277-4000
Email: dnelson@nelsonlawpc.com

Stuart L. Cochran (*pro hac vice application forthcoming*)
Texas State Bar No. 24027936
COCHRAN LAW PLLC
12720 Hillcrest Rd., Ste. 1045
Dallas, TX 75230
Tel:    (214) 300-1765
Email: scochran@scochranlaw.com

Attorneys for Plaintiff and the Putative Class

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY
STATE OF ILLINOIS

PAULETTE KREMMEL, individually )
and on behalf of all others similarly situated )
in Illinois, )
 )
          Plaintiff, )          No. 16-L- 8 7
 )
v. )
 )                    FILED
 )                 ST. CLAIR COUNTY
FAIRLIFE, LLC, )
 )                   FEB 1 2 2016
          Defendant. )

### AFFIDAVIT OF DAMAGES

This affidavit is made pursuant to Supreme Court Rule 222 (b).  Under the penalties of

perjury as provided by Section 1-109 of the Code of Civil Procedure, the undersigned certifies

that the money damages sought by plaintiff herein do exceed $50,000.00.

Paulette Kremmel, Individually, and on Behalf of a Class of
Similarly Situated Individuals, Plaintiff

By: _____
Matthew H. Armstrong (ARDC 6226591)
Armstrong Law Firm LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel: 314-258-0212
Email: matt@mattarmstronglaw.com

David C. Nelson (ARDC 6225722)
Nelson & Nelson, Attorneys at Law, P.C.
420 North High Street
Belleville IL 62220
Tel:    618-277-4000
Email: dnelson@nelsonlawpc.com

Page 1 of 2
Case No:  16-L-

Stuart L. Cochran (*pro hac vice application forthcoming*)
Texas State Bar No. 24027936
Cochran Law PLLC
12720 Hillcrest Rd., Ste. 1045
Dallas, TX 75230
Tel:   (214) 300-1765
Email: scochran@scochranlaw.com

Attorneys for Plaintiff and the Putative Class